UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

LORENZO KYLES,

    *Plaintiff,*

v.

STEVE MOHR, CHAPLAIN,

    *Defendant.*

22 CV 479 WMC

COMPLAINT UNDER 42 USC §1983
AND PLAINTIFF-PLAINTIFF EXHIBIT

    The Plaintiff, Lorenzo Kyles, Pro se, moves this Court under the civil rights act pursuant to titles 42 USC §1983; the First Amendment free exercise clause, the Eighth Amendment, and Religious Freedom Restoration Act (RFRA) under the color of law.

### I. Place of Present Confinement

    Stanley Correctional Institution (SCI), 100 Corrections Drive, Stanley, Wisconsin 54768.

**A.**     Is there a grievance procedure at your prison? **Yes**

**B.**     Have you filed a grievance concerning the acts relating to your complaint? **Yes**

**C.**     If you have used the grievance process:

        i. Describe what you did and the result if any:

**I have exhausted the complete inmate complaint review system at all levels and my complaint (SCI-2022-12033) was affirmed.**

        ii. Is the grievance process completed? **Yes**

**D.** If you did not use the grievance process, explain why not: **Does not apply.**

## II. Parties

**Plaintiff**

A. Plaintiff, Lorenzo Kyles #388908 (Kyles) is currently residing at Stanley Correctional Institution (SCI), 100 Corrections Drive, Stanley, Wisconsin 54768.

**Defendant**

A. Defendant, Steve Mohr is employed at Stanley Correctional Institution, 100 Corrections Drive, Stanley, Wisconsin 54768, by Wisconsin Department of Corrections, as Chaplain at all relevant times of this action. Defendant Chaplain Mohr is being sued in his individual and official capacity.

### III.   Previous Lawsuits

A. Have you begun other lawsuits in state or federal court related to the same facts involved in this action? **No**

B. Have you begun lawsuits in state or federal court relating to your imprisonment? **No**

### IV.   Jurisdiction

A. This action is brought pursuant to 42 USC §1983, the First Amendment free exercise clause, the Eighth Amendment, and RFRA under the color of law. This Court has jurisdiction based upon 28 USC §§1331, 1343.

B. The amount in controversy exceeds Ten Thousand ($10,000.00) dollars.

## V. Statement of Facts

### A. Plaintiff Tisha B' Av experience was marred by Defendant's recklessly, causing him to forgo an adequate nutrition meal for nearly 36 hours.

1. Plaintiff Lorenzo Kyles is a State of Wisconsin inmate who is a Hebrew-Israelite (Jewish) that have been practicing the religion of Judaism for well over a decade. Plaintiff Kyles has been incarcerated at SCI since April of 2014.

2. This action concerns Defendant Chaplain Steve Mohr failure to notify food service of persons participating in the 2022 Tisha B' Av fasting. Defendant Chaplain Mohr has been employed at SCI by the Wisconsin Department of Corrections (WIDOC) during the time period relevant to Plaintiff's claims.

3. Plaintiff's required by his sincere religious beliefs to recite daily prayers, fasting for Tisha B' Av, fasting for Yom Kippur, and observing Passover and Rosh Hashanah.

4. Tisha B' Av is a religious holy day that requires participants to abstain from eating and drinking for 25 hours from sunset to sunset and in 2022, the deadline to sign up for Tisha B' Av was June 8 and set to begin after sunset August 6 and conclude after sunset August 7.

5. Inmates wishing to participate in Tisha B' Av fasting must sign-up for the accommodation at least 60 days in advance of the event. This 60 day advance sign-up policy applies to temporary religious meal accommodations, which includes Tisha B'Av fasting. **Exhibit, (Exh.)** 101-115 (DAI Policy 309.61.03, New Effective Date 07/01/2017).

6.     WIDOC *shall* provide accommodation to ensure that inmates may receive adequate nutrition while adhering to the temporary dietary prohibitions.

7.     Inmates signing up *shall* request accommodation by submitting an interview/information request form to the chaplain/designee.

8.     DAI Annual Religious Dietary Accommodations Memo for Tisha B' Av observers states DOC provides one full day of nutrition via bag meal after sunset August 7 and normal meal schedule will resume Monday August 8. **Exh**. 116-119 (DAI Annual Religious Dietary Memo dated 11/22/21).

9.     On February 23, 2022, well before the deadline, Plaintiff Kyles submitted an interview request to the SCI Chapel. He requested: "I would like to be placed on the <u>Tisha B' Av</u> and <u>Yom Kippur</u> list." In response, SCI Chapel stated: "You have been added to Tisha B' Av and Yom Kippur". During this time period, Plaintiff Kyles was housed on Unit/Wing 1C. **Exh.** 120-121.

10.     Defendant Chaplain Mohr is one of the chaplain/designee at SCI. and as chaplain/designee; he *shall* review requests and compile approved participants for each multi-day fasting/dietary prohibition.

11.     Tisha B' Av is recognized as a multi-day fast/dietary prohibition by WIDOC.

12.     Once added to participation list, Defendant Chaplain Mohr *shall* submit a participation list of all Tisha B' Av fasting persons to food service at least 45 days prior to start date.

13.     Defendant Chaplain Mohr to miss the deadline submit persons participating in Tisha B' Av.

14. Plaintiff observed Tisha B' Av after sunset August 6 through August 7 after sunset, by abstaining from eating/drinking and reading from the book of Lamentations.

15. August 7, non-defendant, Sgt. Gregory was the second shift sergeant for Unit 1 and as sergeant, he distribute all meal bags to each Unit/Wing. When Sgt. Gregory arrived to C-Wing, Plaintiff requested his Tisha B' Av meal bag. Sgt. Gregory indicated no meal bag was available; but would email food service. Plaintiff provided his name and inmate number and Sgt. Gregory said because no one was at food service at this time of night; he will let Plaintiff know their response tomorrow.

16. Subsequently, Plaintiff submitted an inmate request to food service. Plaintiff stated: "I did not receive my Tisha B' Av meal bag. Who is in cha[r]ge of making sure these bags are sent to the Unit. Tisha B' Av fast is from 8/6/2022 - 8/7/2022 and my name was added to the list; to receive a meal bag (Breakfast, Lunch, Dinner)". In response, SCI Food Services Administrator (FSA) wrote: "No names were given to Food Services for Tisha B' Av. I am truly sorry for that." See, **Exh.** 122-123.

17. Without any accommodation by WIDOC. Plaintiff broke his fast with water and suffered overnight with hunger pangs, an acute headache, and exhaustion that caused him to miss a morning prayer.

18. Plaintiff went nearly 36 hours without WIDOC accommodation until Monday August 8 when normal meal schedule resumed.

19. Also, August 8, Plaintiff submitted an interview request to Sgt. Gregory asking: "Did the Kitchen respond to your email about not providing my Tisha B' Av fast meal bag." Sgt. Gregory replied by writing: "I did receive an email response. The situation is being looked into and a solution is emineat." See, **Exh.** 124-125.

20.     The same day, August 8, Plaintiff submitted an interview request to the Chapel stating: "I want to know why I didn't receive a meal bag after Tisha B' Av fasting on August 7, 2022. I wrote the Kitchen and Sgt. Gregory email them but no response yet." **Exh.** 126-127.

21. In person, August 9 Defendant Chaplain Mohr admitted his recklessness and the substantial burden caused by his failure. Then handed his response which reads: "Mr. Kyles -- This clearly was due to <u>Chaplain</u> error. I failed to notify food service of the persons on the Tisha B' Av list. Our sincere ap[o]logies for this oversight which precluded an opportunity to observe this religious rite. We regret this unfortunate oversight." **Id.**

22.     Thereafter, Plaintiff filed a two page complaint SCI-2022-12033 against Defendant Chaplain Mohr and attached his written requests to non-defendant Sgt. Gregory (¶19) and Defendant Chaplain Mohr (¶¶20,21). This grievance presented one issue: "Chaplain Mohr failed to notify food service of my participation in the Tisha B' Av fasting violated my right to religious exercise which left me without a proper meal for nearly 36 hours." See, **Exh.** 128-133.

23.     August 10, Plaintiff received an acknowledgment of SCI-2022-12033 complaint. **Exh.** 134

24.     On August 12, Plaintiff's SCI-2022-12033 complaint was affirmed in its entirety based on Plaintiff's facts and written requests presented. Along with WIDOC DAI Annual Religious Dietary Accommodations Memo. **Exh.** 135-136.

25.     Plaintiff has exhausted all administrative remedies.

## VI. Violations of Law

**26.**   Plaintiff re-alleges and incorporates the information in paragraphs 1-25 herein against defendant. Plaintiff further certify and declare under 28 USC §1746 that all the facts herein are true and accurate to the best of his knowledge.

**27.**   The actions of Defendant Chaplain Mohr substantially burden Plaintiff from exercising his religious right under the First Amendment and RFRA, when he prohibited Plaintiff from properly observing Tisha B' Av. **Exh.** 101-136.

**28.**   Defendant Chaplain Mohr exhibited deliberate indifference to a substantial risk of serious harm to Plaintiff's health by denying access to an adequate and nutrition meal for nearly 36 hours, causing Plaintiff to suffer from hunger pangs, exhaustion, and an acute headache which caused him to miss a morning prayer. **Id.**

### A. First Amendment Free Exercise Claim

To establish a free exercise claim, Kyles must "submit evidence from which a jury could reasonably find that the Defendant Chaplain Mohr personally and unjustifiably placed a substantial burden on his religious practices." **Neely-Bey Tarik-El v. Conley**, 912 F.3d 989, 1003 (7th Cir. 2019) (quoting **Thompson v. Holm**, 809 F.3d 376, 379 (7th Cir. 2016)). A substantial burden is one that "put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs." **Thomas v. Review Bd.**, 450 U.S. 707, 718 (1981). In the prison context, such a burden is justified if it is "reasonably related to a legitimate penological interest." **Thompson**, 809 F.3d at 380 (citing **Turner v. Safley**, 482 U.S. 78, 89–91 (1987)).

Plaintiff presented facts that a jury could infer that Defendant Chaplain Mohr personally and unjustifiably placed a substantial burden on observance of Tisha B' Av. There is no reasonable related legitimate penological interest can be

justified for Defendant Chaplain Mohr. His admitted recklessness and substantial burden caused by his action said it best:

> "Mr. Kyles -- This clearly was due to Chaplain error. I failed to notify food service of the persons on the Tisha B' Av list. Our sincere ap[o]logies for this oversight which precluded an opportunity to observe this religious rite...."

See, **Exh.** 126-127, **Exh.** 135-136.

### B. Religious Freedom Restoration Act (RFRA) Claim

The United States Supreme Court held that government officials may be sued for money damages in their individual capacities under RLUIPA's sister statute, the Religious Freedom Restoration Act (RFRA). **Tanzin v. Tanvir,** —— U.S. ——, 141 S. Ct. 486, —— L.Ed.2d ——, 2020 WL 7250100, at *4, No. 19-71 (U.S. Dec. 10, 2020). Although both statutes contain the same operative provisions about seeking "appropriate relief" against the government, government officials and "other person[s] acting under color of law," 42 U.S.C.A. §§ 2000bb-1 and -2 and 2000cc-2 and -5, the Court did not discuss whether its holding also applied to RLUIPA, and no other court has discussed the issue.

On the facts presented, it's hard to to see how Defendant Chaplain Mohr didn't violate RFRA when Plaintiff was prohibited from properly observing Tisha B' Av which is protected under the First Amendment free exercise clause. Therefore damages can be awarded. **Exh.** 101-136.

### C. Eighth Amendment Claim

The Eighth Amendment requires that prison officials provide humane conditions of confinement, which include the basic necessities of life such as clothing, shelter, medical care, and *food that provides adequate nutrition.* **Farmer v. Brennan,** 511 U.S. 825, 832 (1994); **Mays v. Springborn,** 575 F.3d 643, 648 (7th Cir. 2009). A prisoner can succeed on an Eighth Amendment claim by showing that a prison official exhibited deliberate indifference to a substantial risk of serious harm

to the prisoner's health by *denying him access to adequate and nutritious food.* **Sanville v. McCaughtry**, 266 F.3d 724, 733 (7th Cir. 2001).

Plaintiff presented facts from which it can be inferred that Defendant Chaplain Mohr, exhibited deliberate indifference to a substantial risk of serious harm to Plaintiff's health when he was left without WIDOC accommodation via bag meal for nearly 36 hours, causing him hunger pangs, exhaustion, an acute headache and missing a morning prayer. **Exh.** 128-133.

## VII. Damages

Award compensatory damages to plaintiff in the following amount:

**A.** $100,000 against defendant, Chaplain Mohr for his unlawful acts against plaintiff causing preclusion from properly observing Tisha B' Av.

**B.** Award punitive damages to plaintiff in the following to punish and deter defendants from acting with wanton, reckless, and callous indifference, ill will and malice to plaintiff's rights under the First Amendment, RFRA and the Eighth Amendment.

**C.** Award such other relief as it may appear that Plaintiff is entitled as such, filing fees for this action and including as part of a settlement that payment will not be subjected to Wis. Stat. §301.325 or any other pay-to-stay fee policy.

## VIII. Condition of Precedent

All conditions precedent to this lawsuit within the meaning of Rule 9C of the Federal Rules of Civil procedure have been performed or have otherwise occurred. Further, pursuant to 28 USC § 1746, Plaintiff declare under penalty of perjury that the forgoing is true and correct from my personal observation.

### IX.     Prayer for Relief

WHEREFORE, plaintiff demands judgment awarding plaintiff compensatory damages in the amount determined just by the court, awarding plaintiff punitive damages in an amount determined just by the court against the individually named defendant, awarding plaintiff the reasonable costs and expenses of this action including reasonable out of pocket expenses and granting plaintiff such other and further relief as may be just.

### X. Demand for Jury Trial

The plaintiff demands trial by jury of all issues triable of right to a jury in this action.

Dated this _25_ day of _August_ 20_22_.

Submitted by: _____

Lorenzo Kyles #388908
Stanley Correctional Institution
100 Corrections Drive
Stanley, Wisconsin 54768-6500